IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CT-3277-BO

| | |
|---|---|
| FRED LAMAR BOYD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MR. HOLMES, et al., )<br>)<br>Defendants. ) | ORDER |

This matter comes before the court on defendants' motion to dismiss (DE 36) pursuant to Federal Rule of Civil Procedure 12(b)(6), motion for leave to manually file a video (DE 38), motion for joinder (DE 43), and motion to stay discovery (DE 47). Also before the court is plaintiff's motion to compel discovery (DE 57). The issues raised are ripe for adjudication.

## BACKGROUND

On October 5, 2018, plaintiff Fred Lamar Boyd ("plaintiff"), a pretrial detainee incarcerated at the Wake County Detention Center, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. On May 8, 2019, plaintiff was granted leave to amend his complaint, and subsequently filed his amended complaint naming as defendants Mr. Holmes ("Holmes"), Mr. Neil ("Neil"), J. Thompson ("Thompson"), Mr. McLawhorn ("McLawhorn"), Mr. Zepeda ("Zepeda"), Mr. Schribner ("Schribner"), and Ms. Petty ("Petty"). Plaintiff's amended complaint, in pertinent part, provides as follows:

> On (September 1st, 2018): C/o Mr. Holmes was working the floor at
> the time of my slip and fall while in (restraints). Camera will show

me taking a shower and getting ready to come out, while handcuffed from the start, C/o (Mr. Holmes), gave me direct order saying my break was over with me com[]ing out of shower at doorway (slipped and fell): While helpless from the very start; Being (handcuffed) in the front told to shower this way. Then blacked out woke up to nurse telling staff to pick me up off of the floor; (DRT) and assorted staff; snatched me off of the ground and

Slammed me in wheel chair (3) times, They did not call for proper certified medical staff; I was moved by (use of force) and endured (cruel and unusual punishment). I slid down due to pain from hitting back on side arm of wheel chair was picked back up and slammed in wheel chair ask that (camera footage be reviewed to prove statement true, on this day.) . . . . C/o Mr. Holmes, Mr. J. Thompson, Mr. McLawhorn, (DRT) Mr. M. Neil, Mr. D. Zepeda; Those are only ones I could obtain names of, the nurses name I don't know and could not receive. They picked me up off floor while I was unaware or they were if anything could be further damaged on my body; By (use of force); then I screamed from pain of back being slammed in chair, my arms was then wrapped around arms of wheel chair and I was handcuffed . . . .

(I was taken out and to nurse station); From this point they question my fall and she gave me pain pills and told me I was already on medical file with chronic back issues. Then after I could not get out of wheel chair because afraid of what was wrong with me still having (dizzy spells), they took me to first floor and left me in padded room instead of sending me to get proper treatment. . . .

(Given): Two (Extra Strength Tylenol); along with (10) mg muscle relaxer[.] (x) Rays; showed nothing was broken although major swelling[.] At that time was given (10) mg Flexeril muscle relaxer[.] (20) mg pain pill [Naprosyn]

Only for (2 weeks); and still have not been able to see doctor yet and have had several blackouts and dizzy spells, constant pains in back area.

They placed me in a padded cell with a mat and a blanket on 1st floor; Given Authorization by; (LT) (Mrs. Petty) and I was then

2

> harassed and called a lie and to use bathroom on myself when I was
> first placed in padded room by; Sgt. Mr. Schribman.

(Am. Compl. pp. 5-7).

On July 24, 2019, defendants Holmes, Neil, Petty, Schribman, Thompson, and Zepeda moved to dismiss plaintiff's action against them pursuant to Rule 12(b)(6), arguing that plaintiff failed to state a claim upon which relief may be granted. Defendants attached a video to their motion to dismiss, and requested leave to manually file the video. Shortly thereafter, defendant McLawhorn filed a motion requesting permission to join defendants' motion to dismiss. Defendants next filed a motion to stay discovery or, in the alternative, to require plaintiff to address his discovery requests to a specific defendant or defendants. Plaintiff responded to defendants' motion to dismiss, and moved to compel discovery.

## DISCUSSION

A.   Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments."

3

Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotations omitted).

B.  Analysis

   1.  Excessive Force

Plaintiff asserts that defendants Holmes, Neil, Thompson, McLawhorn, and Zepeda used excessive force against him in violation of the Fourteenth Amendment to the United States Constitution when they transferred plaintiff from the floor to a wheelchair following a slip and fall in the shower area. Defendants seek dismissal of their complaint solely based upon a video of the incident at issue. Plaintiff, however, has not had the opportunity to view the video or to conduct discovery. See ((DE 46), p. 10). Thus, the court DENIES defendants' motion to dismiss. See Fed. R. Civ. P. 12(d) and 56(d). The court, however, notes that the video recording of the incident could prove dispositive at the summary judgment stage.[1] See Scott v. Harris, 550 U.S. 372, 380–381 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

   2.  Deliberate Indifference to Medical Needs

Plaintiff asserts that unknown Wake County Detention Center medical staff acted with deliberate indifference to his serious medical needs in violation of the Fourteenth Amendment

---

[1] In the event defendants seek to resubmit the video at the summary judgment stage, defendants must provide plaintiff the opportunity to view the video.

4

because they refused to provide him medical treatment for his back condition after a period of two weeks, despite the fact that he continued to experience black outs, dizzy spells, and back pain. Plaintiff states that he has been unable to discover the names of the unidentified medical providers. As a result, defendants are DIRECTED to provide plaintiff a complete copy of his medical records for the time period of September 1, 2018, through December 1, 2018, within 14 days of this court's order.[2] Plaintiff then is DIRECTED to file an amended complaint within 14 days thereafter, providing names for any unidentified medical defendant(s), and stating how each defendant violated his constitutional rights.

3. Prison Conditions

Plaintiff asserts that defendant Petty violated the Fourteenth Amendment when she authorized correctional officers to place plaintiff in a padded cell, on the first floor, with a mat and a blanket. The Fourteenth Amendment governs plaintiff's deliberate indifference claim because he is a pretrial detainee. See, e.g., Kingsley v. Hendrickson, 135 S. Ct. 2466, 2475 (2015); see also, Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988). Although a pretrial detainee's deliberate indifference claim arises under the due process clause of the Fourteenth Amendment, the Eighth Amendment's prohibition of cruel and unusual punishments provides the framework for analyzing such a claim. Id. "In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (internal quotation omitted). The Supreme Court has explained that the first prong is an objective one–the prisoner must show that "the deprivation of [a] basic

---

[2] Plaintiff may obtain additional discovery material during the discovery period.

human need was *objectively* sufficiently serious "–and the second prong is subjective–the prisoner must show that "subjectively the officials act[ed] with a sufficiently culpable state of mind." See Strickler, 989 F.2d at 1379 (internal quotations omitted).[3]

Prison officials act with the requisite culpable intent when they act with deliberate indifference to the inmates' suffering. Farmer v. Brennan, 511 U.S. 825, 835 (1994). Deliberate indifference "sets a particularly high bar to recovery." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). "[D]eliberate indifference entails something more than negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." See Farmer, 511 U.S. at 835. It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm. Id. at 837; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995). Mere negligence, however, is insufficient to state a constitutional claim. See Shakka, 71 F.3d at 166.

Beginning with plaintiff's conditions of confinement-related allegations against defendant Petty set forth in his amended complaint, such allegations do not violate contemporary standards of decency. See Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997); see also Gallishaw v. Reed, No. 9:09–2566–CMC–BM, 2010 WL 2622931, at * (D.S.C. May 28, 2010) ("During the time period set forth in the complaint, Plaintiff was a prisoner in a state correctional facility, not a hotel. It should be expected that conditions in such a setting are oftentimes less than ideal.") (citations omitted),

---

[3] In Kingsley, the United States Supreme Court held that a pretrial detainee's excessive force claim must be analyzed under "solely an objective" standard. 135 S. Ct. 2466, 2473 (2015). Several circuit courts of appeals have held Kingsley's "solely objective" standard also applies to pretrial detainee claims challenging conditions of confinement, thereby abrogating the subjective deliberate indifference standard that previously governed such claims. See Hardeman v. Curran, —— F.3d ——, 2019 WL 3774128, at *4-5 (7th Cir. 2019); Darnell v. Panner, 849 F.3d 17, 35-36 (2d Cir. 2017); Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1067-71 (9th Cir. 2016) (en banc), cert. denied, 137 S. Ct. 831 (2017). The United States Court of Appeals for the Fourth Circuit has not addressed the issue.

aff'd, 397 F. App'x 852 (4th Cir.2010); Harris v. Fleming, 839 F.2d 1232, 1236 (7th Cir.1988) ("Inmates cannot expect the amenities, conveniences and services of a good hotel."). Rather, the conditions described by plaintiff are reasonable given plaintiff's recent fall and back injury.

In response to defendants' motion to dismiss, plaintiff, additionally, asserts that "defendant Petty decided, with no medical training to give Mr. Schribman authorization to authorize staff to pick me up by my clothing once again while in restraints and they both agreed to place me in padded cell." (Pl.'s Resp. p. 11). These allegations, however, do not suggest that defendant Petty or Schribman knew of and disregard a risk of harm to plaintiff. Rather, plaintiff admits that the officers did not have medical training, and at most, alleges negligence. It is well established that allegations of mere negligence are insufficient to state a claim under § 1983. See, Coleman v. Poff, 497 F. App'x at 338, 339 (4th Cir. 2012); Williams v. Meirs, No. 1:16cv1330, 2017 WL 2684014, at *3 (E.D. Va. June 19, 2017) (dismissing run of the mill negligence claim for failure to state a § 1983 claim).

To the extent plaintiff states that defendant Petty denied his request to go to the hospital, plaintiff admits that he was treated by Maury's medical staff on the date of the alleged incident. (Am. Compl. pp. 5-7). Defendant Petty is a correctional officer and not a medical professional. As a non-medical professional, Petty was entitled to rely upon the judgment of medical staff for the provision of medical care. See Shakka v. Smith, 71 F.3d 162, 167 (4th Cir. 1995) (citation omitted)). Based upon the foregoing, Petty's motion to dismiss is GRANTED.

As for defendant Schribman, plaintiff asserts that Schribman harassed plaintiff by calling him a liar and telling him to use the bathroom on himself. Mere threats, verbal abuse, or slander, without more do not state a cognizable claim under § 1983. Cameron v. Bonney, 523 F. App'x 969, 970

7

(4th Cir. 2013); Wilson v. McKeller, 254 F. App'x 960, 961 (4th Cir. 2007). Thus, Schribman's motion to dismiss is GRANTED.

To the extent plaintiff asserts that any defendant violated any North Carolina Department of Public Safety policy, alleged prison policy violations do not rise to the level of a constitutional violation. See Joyner v. Patterson, No.0:13-2675, 2014 WL 897121, at *4 (D.S.C. Mar. 6, 2014) ("Violations of prison policies alone do not rise to the level of a constitutional deprivation."), aff'd, 579 F. App'x 748 (4th Cir. 2015).

To the extent plaintiff raises new claims or seeks to add new parties in his response to defendants' motion to dismiss, the new claims/parties are not properly before the court because plaintiff has not requested leave of court to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a). See Mohammed v. Daniels, No. 5:13-CT-3077-FL, 2015 WL 470469, at *3, n.2 (E.D.N.C. Feb. 4, 2015) ("To the extent plaintiff attempts to raise new claims in his responses to defendants' motions to dismiss, those claims are not properly before the court and will not be considered.") (citation omitted). Thus, plaintiff's new claims are DISMISSED without prejudice.

To the extent defendants seek to dismiss plaintiff's official capacity claims, an action by a private party to recover money damages from state officials in their official capacities is barred by the Eleventh Amendment. Huang v. Board of Governors of University of North Carolina, 902 F.2d 1134, 1138 (4th Cir. 1990). Thus, defendants' motion to dismiss is GRANTED as to plaintiff's official capacity claims.

## CONCLUSION

Based upon the foregoing, the court ORDERS as follows:

(1) Defendants' motion to manually file a copy of the video (DE 38) is GRANTED;

(2) Defendant McLawhorn's motion to join the remaining defendants' motion to dismiss (DE 43) is GRANTED;

(3) Defendants' motion to dismiss (DE 36) is GRANTED in part and DENIED in part. The motion is GRANTED as to plaintiff's official capacity claims, as well as his action against defendants Petty and Schribman. These defendants are DISMISSED from this action. The remainder of the motion is DENIED. The court reserves ruling on the affirmative defense of qualified immunity for another day. Any new claims plaintiff raised in response to defendants' motion to dismiss are DISMISSED without prejudice. Any claims arising out of alleged policy violations also are DISMISSED;

(4) Defendants are DIRECTED to provide plaintiff a complete copy of his medical records for the time period of September 1, 2018, through December 1, 2018, within 14 days of this court's order. Plaintiff is DIRECTED to file an amended complaint 14 days thereafter, providing the names for any unidentified medical defendant(s) and stating how each defendant violated plaintiff's constitutional rights. In the event plaintiff fails to amend his complaint within the time period provided, the court will dismiss plaintiff's medical-related claims without prejudice for failure to prosecute. Defendants' motion to stay discovery (DE 47) and plaintiff's motion to compel (DE 57) are DENIED as MOOT;

(5) The Clerk of Court is DIRECTED to send plaintiff the form for filing a civil rights action.

SO ORDERED, this the __10__ day of February, 2020.

*Terrence Boyle*
TERRENCE W. BOYLE
Chief United States District Judge